UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RONALD WILLIAMS,<br><br>                Plaintiff,<br><br>v.<br><br>K. MCCOY, *et. al.*,<br><br>                Defendants. | Case No. 3:22-CV-00376-ART-CLB<br><br>**ORDER DENYING MOTION<br>TO APPOINT COUNSEL**<br><br>[ECF No. 39] |

Before the Court is Plaintiff Ronald Williams's ("Williams") motion for appointment of counsel. (ECF No. 39). For the reasons discussed below, the motion for appointment of counsel, (ECF No. 39), is denied.

There is no constitutional right to appointed counsel in a § 1983 action. *E.g., Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc). The provision in 28 U.S.C. §1915(e)(1) gives the court discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see, e.g., Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1998) (en banc.)  While the decision to request counsel lies within the discretion of the district court, the court may exercise this discretion to request counsel only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

A finding of "exceptional circumstances" requires the court to evaluate (1) the plaintiff's likelihood of success on the merits and (2) the Plaintiff's ability to articulate his claims *pro se* considering the complexity of the legal issues involved. *Id.* (quoting *Wilborn*, 789 F.2d at 1331) (internal quotation marks omitted). Neither factor is dispositive, and both factors must be considered before a court decides. *Id.* The difficulties every litigant faces when proceeding *pro se* does not qualify as an exceptional circumstance. *Wood v. Housewright*, 900 F. 2d 1332, 1335-36 (9th Cir. 1990). While almost any *pro se* litigant would benefit from the assistance of competent counsel, such

a benefit does not rise to the level of "exceptional circumstances." *Rand*, 113 F.3d at 1525. Rather, the plaintiff must demonstrate that he is unable to articulate his claims due to their complexity. *Id.*

The motion for appointment of counsel states Williams is unable to afford counsel, the substantive issues and procedural matters are too complex for Williams's comprehension and abilities, and by reason of his incarceration, Williams cannot investigate. (ECF No. 39.) Williams has filed two other motions for appointment of counsel, (ECF Nos. 4, 24), which the Court also denied. (ECF Nos. 11, 25.)

As the Court has previously found, exceptional circumstances do not exist in this instance. Williams only makes conclusory assertions that this case is complex, however this case is limited to an Eighth Amendment conditions of confinement claim, and two First Amendment retaliation claims. (ECF No. 19.) These claims do not involve complex issues, nor will they require expert assistance to understand.

Moreover, throughout the pendency of this action, Williams has demonstrated that he can articulate his claims to the Court. While Williams contends that he has limited knowledge in these types of proceedings, such lack of education and experience is unexceptional compared to most prisoner civil rights cases. Because Williams has not demonstrated exceptional circumstances, the Court **DENIES** the motion. (ECF No. 39).

**DATED**:  November 20, 2023

_____
 **UNITED STATES MAGISTRATE JUDGE**

2