# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RONALD C. WILLIAMS, | Case No. 3:22-CV-00376-CLB |
| Plaintiff, | **ORDER GRANTING MOTION FOR ENLARGEMENT OF TIME TO FILE MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| K. MCCOY, *et. al.*, | [ECF No. 46] |
| Defendants. | |

Before the Court is Defendants Raphael Brice and Steffen Moskoff's (collectively referred to as "Defendants") motion for enlargement of time to file motion for summary judgment. (ECF No. 46.) For the reasons discussed below, the motion, (ECF No. 46), is granted.

## I.    BACKGROUND

This action began with a civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis* filed by Plaintiff Ronald Williams ("Williams"). (ECF Nos. 1, 1-1.) Pursuant to 28 U.S.C. § 1915A, the District Court screened Williams's complaint, (ECF No. 19), and allowed him to proceed on a claim First Amendment retaliation against Defendants W. George[1], Brice, and Moskoff. (ECF No. 11.)

After screening, the parties participated in an Inmate Early Mediation Conference, but ultimately did not settle. (ECF No. 16.) Defendants filed their answer to the complaint on April 6, 2023. (ECF No. 26.) On May 2, 2023, the parties appeared for a case management conference where the Court issued a discovery plan and scheduling order ("DPSO") outlining the deadlines that would govern the action. (ECF Nos. 32, 33.)

The DPSO set the discovery deadline for October 30, 2023, and the dispositive motion deadline for November 29, 2023. (ECF No. 33.) On November 28, 2023, Williams submitted a request for production of documents to the Court, which was returned

---

[1]    W. George was dismissed from this action on August 11, 2023, pursuant to Fed. R. Civ. P. 4(m) for failure to effectuate service. (ECF No. 38.)

1    pursuant to Local Rule IC 1-1(c)(12) and Local Rule 26-7 (interrogatories, responses, and

2    deposition notices shall not be filed unless ordered by the court) (ECF No. 41). On

3    November 29, 2023, the Defendants filed a motion to reopen discovery. (ECF No. 42.)

4    The Court denied the motion, as it found that Defendants had failed to establish good

5    cause or excusable neglect as required. (ECF No. 45.) Further, because the Defendants

6    filed the motion to reopen discovery on the date dispositive motions were due, the Court

7    *sua sponte* granted an extension to January 11, 2024, to file dispositive motions. (*Id.*)

8    Counsel for Defendants has now requested 29 additional days to file dispositive motions.

9    (ECF No. 46.)

10   **II.    LEGAL STANDARD**

11         Federal Rule of Civil Procedure 16(b)(4) governs the modification of scheduling

12   orders and discovery plans. Fed. R. Civ. P. 16(b)(4) provides that "[a] schedule may be

13   modified only for good cause and with the judge's consent." The good cause inquiry

14   focuses primarily on the movant's diligence. *DRK Photo v. McGraw-Hill Global Educ.*

15   *Holdings, LLC*, 870 F.3d 978, 989 (9th Cir. 2017).

16         Local Rule 26-3 supplements Fed. R. Civ. P. 16 and provides that discovery plans

17   and scheduling orders may be modified for good cause, provided that a motion to extend

18   is made "no later than 21 days before the expiration of the subject deadline." *See* LR 26-

19   3; *see also* LR IA 6-1. "Good cause" is a non-rigorous standard that has been construed

20   broadly across procedural and statutory contexts. *See Ahanchian v. Xenon Pictures,*

21   *Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). Requests for extensions of time made before

22   the applicable deadline has passed should "normally ... be granted in the absence of bad

23   faith on the part of the party seeking relief or prejudice to the adverse party." *Id.* (*citing*

24   4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (3d

25   ed. 2004)).

26         Moreover, pursuant to Local Rule 26-3, any request made after this 21-day period

27   will only be granted if "the movant also demonstrates that the failure to act was the result

28   of excusable neglect." LR 26-3. "Excusable neglect" is a flexible, equitable concept, but

1 "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually

2 constitute 'excusable' neglect." *Kyle v. Campbell Soup Co.*, 28 F.3d 928, 931 (9th Cir.

3 1994) (citing *Pioneer Inv. Servs. v. Brunswick Assocs.*, 507 U.S. 380, 391-92 (1993)).

4     In determining whether neglect is excusable, the Court must consider the

5 following factors: (1) the danger of prejudice to the opposing party; (2) the length of the

6 delay and its potential impact on the proceedings; (3) the reason for the delay; and (4)

7 whether the movant acted in good faith. *Bateman v. U.S. Postal Service*, 231 F.3d 1220,

8 1223-24 (9th Cir. 2000) (internal quotations omitted) (citing *Pioneer*, 507 U.S. at 395).

9 The Court should "take into account all the relevant circumstances" when considering

10 these factors. *Cap. One, Nat'l Ass'n v. SFR Inv. Pool 1, LLC*, No. 2:17-cv-00604-RFB-

11 NJK, 2020 WL 6271199 at *4 (D. Nev. Oct. 26, 2020); *see also Pioneer*, 507 U.S. at 395.

12 **III.    DISCUSSION**

13     Defendants' motion asserts that good cause exists to extend time to file dispositive

14 motions based on Defense counsel's other work responsibilities and "a lingering illness."

15 (ECF No. 46.) Thus, Defendants request an extension to February 9, 2024, to file

16 dispositive motions. (*Id.*)

17     For good cause appearing, **IT IS ORDERED** that the motion, (ECF No. 46), is

18 **granted**. The Court notes that it will not look favorably upon future requests for extensions

19 of time based on work responsibilities. Further, because the Court already *sua sponte*

20 granted an extension of time to file dispositive motions in this case, <u>no further extensions

21 of time will be granted</u>. Accordingly, dispositive motions shall be filed by no later than

22 **February 9, 2024**. If dispositive motions are not timely filed, the parties shall instead file

23 their joint pretrial order by no later than **March 11, 2024**.

24     **IT IS SO ORDERED.**

25 **DATED**: January 16, 2024_____.

27 _____
**UNITED STATES MAGISTRATE JUDGE**

3