UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RONALD C. WILLIAMS,<br><br>                Plaintiff,<br><br>    v.<br><br>K. MCCOY, *et al.*,<br><br>                Defendants. | Case No. 3:22-CV-00376-CLB[1]<br><br>**ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>[ECF Nos. 48, 54] |

      This case involves a civil rights action filed by Plaintiff Ronald C. Williams ("Williams") against Defendants Raphael Brice ("Brice") and Steffen Maskoff ("Maskoff") (collectively referred to as "Defendants"). Currently pending before the Court is Defendants' motion for summary judgment. (ECF Nos. 48, 52.)[2] Williams opposed the motion, (ECF No. 51), and Defendants replied, (ECF No. 53). Also pending before the Court is Williams's motion for temporary restraining order. (ECF No. 54.)

      Williams is in an inmate in the custody of the Nevada Department of Corrections ("NDOC"). The events related to this case occurred while Williams was housed at the Southern Desert Correctional Center ("SDCC") and the Ely State Prison ("ESP"). Pursuant to the Court's screening order on Williams's complaint, he is proceeding on a single First Amendment retaliation claim against Defendants.[3] (ECF No. 11.)

///

---

[1]     The parties consented to the undersigned's jurisdiction to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C.§ 636(c) and Federal Rule of Civil Procedure 73. (*See* ECF No. 35.)

[2]     ECF No. 52 is a late filed erratum to the motion for summary judgment, which contains authenticating declarations.

[3]     Williams was also permitted to proceed on two other claims against Doe Defendants, however those Does were never identified and therefore those claims necessarily cannot proceed.

In support of their motion for summary judgment, Defendants submit numerous exhibits: (1) Docket Sheet from Case No. 2:21-cv-00123-KJD-DJA; (2) Declaration of Defendant Brice; (3) Offender Information Summary (redacted); (4) Historical Bed Assignments; and (5) Inmate Disciplinary History (redacted). (*See* ECF Nos. 48-1, 48-2, 48-3, 48-4, 48-5.)

There are several issues with these exhibits. First, at the time of the filing of the motion for summary judgment, none of these documents had been properly authenticated by an NDOC custodian of records. While this has since been remedied by the late filed authenticating declaration, another issue exists. Several exhibits, which purport to outline the incident at issue in this case, are inexplicably redacted. The effect of these redactions is to seal these portions of the documents and restrict public (and Court) access. However, Defendants did not request leave of Court to seal these documents, in direct violation of the Local Rules and controlling case law regarding sealing. *See* LR IA 10-5. Additionally, there is no evidence that the parties entered a protective order, which would account for the redactions.

As this Court has repeatedly instructed the Attorney General's Office, the Ninth Circuit has repeatedly held that unauthenticated documents cannot be considered on a motion for summary judgment. *See e.g., Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002); *Wieland v. Board of Regents of Nev. System of Higher Educ.*, No. 23-15339, 2024 WL 810445 *1 (Feb. 27, 2024). Moreover, when deciding a motion for summary judgment, the Court may only rely upon documents and exhibits that are capable of being admissible in evidence at trial. *See* Fed. R. Civ. P. 56(c)(4) & advisory comm. note to 2010 amendments. Here, given the cryptic nature of the heavily redacted internal documents and the lack of clarity regarding the authenticity of any of Defendants' exhibits, the Court cannot determine whether these documents and exhibits would be otherwise admissible at trial. Therefore, the Court is precluded from considering these exhibits in deciding Defendants' motion for summary judgment.

///

Accordingly, the Court finds that Defendants have failed to support their motion for summary judgment with admissible evidence sufficient to show there are no genuine issues of material fact and that they are entitled to judgment as a matter of law.

## I. MOTION FOR TEMPORARY RESTRAINING ORDER

Following full briefing on the motion for summary judgment, Williams filed a motion for temporary restraining order related to alleged new instances of retaliation. (ECF No. 54.)

Williams has failed to establish or explain how any of these allegations or complaints have any nexus or relationship to the allegations in the underlying complaint, which is limited to an alleged retaliatory transfer in 2021. Therefore, this motion seeks relief based on new allegations—that are distinct from issues presented in the complaint—and must be denied. *See e.g., Padilla v. Nevada*, No. 3:08-cv-410-LRH(RAM), 2011 WL 2746653, at *8 (D. Nev. June 3, 2011) (denying request for preliminary injunction unrelated to claims in the complaint) *Mitchell v. Haviland*, No. 2:09-cv-3012-JAM KJN P, 2014 WL 458218, at *2 (E.D. Ca. Feb. 4, 2014) (denying motion for preliminary injunction where the conduct asserted in the motions is based on new assertions of misconduct unrelated to the acts of misconduct asserted in the complaint); *Burton v. Paramo*, No. 3:17-cv-1953-BEN-KSC, 2017 WL 6048805, at *4 (S.D. Ca. Dec. 5, 2017) (denying motion for preliminary injunction seeking injunction claimed retaliation for bringing underlying lawsuit because those acts were separate from claims asserted within the complaint itself.).

Like the *Mitchell* and *Burton* cases discussed above, Williams's motion alleges claims related to retaliation that are distinct from the issues that are proceeding in this case. Accordingly, this Court lacks authority to grant the relief requested, and on this basis alone, the motion must be denied. *See Pac. Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015) (there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint, which requires a sufficient nexus between the claims raised in the motion and

the claims set forth in the underlying complaint. Absent that relationship or nexus, the district court lacks authority to grant the relief requested.)

## II.  CONCLUSION

Consistent with the above, **IT IS ORDERED** that Defendants' motion for summary judgment, (ECF No. 48), is denied.

**IT IS FURTHER ORDERED** that Williams's motion for temporary restraining order, (ECF No. 54), is denied.

**IT IS FURTHER ORDERED** that the Joint Pretrial Order is due by **Monday, May 13, 2024**.

**DATED**: March 27, 2024 .

_____
**UNITED STATES MAGISTRATE JUDGE**