UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RONALD C. WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>K. MCCOY, *et al.*,<br><br>　　　　　Defendants. | Case No. 3:22-CV-00376-CLB[1]<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**<br><br>[ECF No. 64] |

This case involves a civil rights action filed by Plaintiff Ronald C. Williams ("Williams") against Defendants Raphael Brice ("Brice") and Steffen Moskoff ("Moskoff") (collectively referred to as "Defendants"). Currently pending before the Court is Defendants' motion for summary judgment. (ECF Nos. 64, 66.)[2] Williams opposed the motion, (ECF No. 70), and Defendants replied, (ECF No. 71). For the reasons stated below, the Court grants Defendants' motion for summary judgment, (ECF No. 64).

**I.   BACKGROUND**

　　**A.   Procedural History**

Williams is in an inmate in the custody of the Nevada Department of Corrections ("NDOC"). The events related to this case occurred while Williams was housed at the Southern Desert Correctional Center ("SDCC") and the Ely State Prison ("ESP"). Pursuant to the Court's screening order on Williams's complaint, he is proceeding on a single First Amendment retaliation claim against Defendants.[3] (ECF No. 11.)

---

[1]　The parties consented to the undersigned's jurisdiction to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C.§ 636(c) and Federal Rule of Civil Procedure 73. (*See* ECF No. 35.)

[2]　ECF No. 66 consists of exhibits filed under seal in support of the motion for summary judgment.

[3]　Williams was also permitted to proceed on two other claims against Doe Defendants, however those Does were never identified and therefore those claims cannot

On March 5, 2024, Defendants submitted a prior motion for summary judgment. (ECF No. 48.) The motion for summary judgment was denied without prejudice, and a new discovery period was opened during which Williams received unredacted copies of exhibits submitted in support of the motion for summary judgment. (ECF Nos. 55, 61.) Discovery closed on July 1, 2024, (ECF No. 61), and Defendants submitted the instant renewed motion for summary judgment. (ECF No. 64.)

### B.     Factual Summary

Williams's complaint alleges that he engaged in protected conduct when he filed a lawsuit and grievances. Williams alleges that Brice and Moskoff took adverse action when they either changed his custody level for no valid reason, which resulted in him being transferred to ESP, a maximum-security prison; repeatedly searched his property for no valid reason, which resulted in false disciplinary charges, conviction, and loss of privileges and good-time credits. Williams alleges that Brice and Moskoff engaged in adverse conduct after he filed the action styled *Williams v. Hutchings*, 2:21-cv-00123-KJD-DJA.

The following facts are undisputed: On January 19, 2021, Williams filed a lawsuit, *Williams v. Hutchings*, 2:21-cv-000123-KJD-DJA. (ECF No. 64-1.) Ultimately, the operative complaint in that case was dismissed with prejudice, with no defendants having been served. (*Id.*) Further, none of the Defendants in the instant case were named as defendants in the prior case. (*Id.*)

According to a declaration filed in support of the motion for summary judgment by Defendant Brice, Brice is a current employee of the NDOC and serves as a Correctional Case Work Specialist 2 at SDCC. (ECF No. 64-2.) Brice states that during part of the time relevant to the instant lawsuit, he was assigned case worker for Williams. (*Id.* at 3.) Williams had been in administrative segregation and classified as close custody for a Notice of Charges (or Offense in Custody) involving a weapon. (*Id.*) When the Notice of

---

proceed.

Williams also named W. George as a defendant; however, the Court dismissed all claims against him without prejudice pursuant to Fed. R. Civ. P. 4(m) for failure to effectuate service. (ECF No. 38.)

Charges was dismissed, Brice participated in a classification/re-classification for Williams resulting in a change from close custody to medium custody. (*Id.*) Specifically, on March 1, 2021, Brice recommended that Williams was "clear to return to SDCC/Med/GP level 3 pending disciplinary." (*Id.*; ECF No. 66-1 at 25.) This means that once Williams had resolved his pending disciplinary for a general infraction, he would be restored to medium custody and returned to the general population. (ECF No. 64-2 at 3.) On March 1, 2021, Williams was moved from Housing Unit 8, where Brice was assigned, to Housing Unit 1. (*Id.;* ECF No. 64-3 at 5.) On March 2, 2021, Williams was moved from Housing Unit 1 to Housing Unit 2. (ECF No. 64-3 at 5.) On March 3, 2021, Williams was moved back to Housing Unit 8 because he received two new major disciplinary charges for refusing to accept his new cell assignment (Refusal to House) and was returned to close custody and Administrative Segregation. (ECF No. 64-2 at 3; ECF No. 64-3 at 5; ECF No. 66-1 at 4.)

Brice completed an Administrative Segregation Review with Williams on May 3, 2021, and again on June 2, 2021, at which time Brice recommended Williams continue close custody and Administrative Segregation at SDCC. (ECF No. 64-2 at 3-4.) On June 8, 2021, Williams had his classification/re-classification hearing and was recommended to transfer to Warm Springs Correctional Center "due to multiple refusals to house at SDCC." (*Id.* at 4; ECF No. 66-1 at 26.) Brice did not participate in this classification decision. (*Id.*) After the classification hearing, case notes were updated indicating Williams was approved to transfer to ESP due to his points and the recent OICs. (ECF No. 66-1 at 26.) Williams was transferred to ESP on June 16, 2021. (ECF No. 64-2 at 4; ECF No. 64-3 at 5; ECF No. 66-1 at 4.) Brice states in his declaration that he was unaware of any lawsuit filed by Williams. (ECF No. 64-2 at 4.) Brice further states he has "not retaliated against Williams at any time or for any reason." (*Id.*)

On June 7, 2022, Williams was informed he would be considered for the Behavior Modification Unit on the condition of finding a cell mate and to double cell by July 3, 2022. (ECF No. 66-1 at 29.) He also been told he would have to double cell at ESP and at

any other institution. (*Id.* at 28.) On June 21, 2022, he was noted to be "currently double-celled and is displaying positive institutional adjustment." (*Id.* at 29.) Williams had a full classification review on July 1, 2022, during which he was recommended to be medium custody at ESP and was awaiting a possible transfer to another institution. (*Id.* at 28.) The previous day, Williams's property had been reviewed while he was in the infirmary for safety and security reasons, and a weapon was found by x-ray in his shower shoes by Defendant Moskoff. (ECF No. 66-2 at 2.)

## II.     LEGAL STANDARDS

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The substantive law applicable to the claim determines which facts are material. *Coles v. Eagle*, 704 F.3d 624, 628 (9th Cir. 2012) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)). Only disputes over facts that address the main legal question of the suit can preclude summary judgment, and factual disputes that are irrelevant are not material. *Frlekin v. Apple, Inc.*, 979 F.3d 639, 644 (9th Cir. 2020). A dispute is "genuine" only where a reasonable jury could find for the nonmoving party. *Anderson*, 477 U.S. at 248.

The parties subject to a motion for summary judgment must: (1) cite facts from the record, including but not limited to depositions, documents, and declarations, and then (2) "show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Documents submitted during summary judgment must be authenticated, and if only personal knowledge authenticates a document (i.e., even a review of the contents of the document would not prove that it is authentic), an affidavit attesting to its authenticity must be attached to the submitted document. *Las Vegas Sands, LLC v. Neheme*, 632 F.3d 526, 532-33 (9th Cir. 2011). Conclusory statements, speculative opinions, pleading allegations, or other assertions uncorroborated by facts are insufficient to establish the absence or presence of a genuine dispute. *Soremekun v.*

*Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).

The moving party bears the initial burden of demonstrating an absence of a genuine dispute. *Soremekun*, 509 F.3d at 984. "Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun*, 509 F.3d at 984. However, if the moving party does not bear the burden of proof at trial, the moving party may meet their initial burden by demonstrating either: (1) there is an absence of evidence to support an essential element of the nonmoving party's claim or claims; or (2) submitting admissible evidence that establishes the record forecloses the possibility of a reasonable jury finding in favor of the nonmoving party. *See Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 593-94 (9th Cir. 2018); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). The court views all evidence and any inferences arising therefrom in the light most favorable to the nonmoving party. *Colwell v. Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014). If the moving party does not meet its burden for summary judgment, the nonmoving party is not required to provide evidentiary materials to oppose the motion, and the court will deny summary judgment. *Celotex*, 477 U.S. at 322-23.

Where the moving party has met its burden, however, the burden shifts to the nonmoving party to establish that a genuine issue of material fact actually exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, (1986). The nonmoving must "go beyond the pleadings" to meet this burden. *Pac. Gulf Shipping Co. v. Vigorous Shipping & Trading S.A.*, 992 F.3d 893, 897 (9th Cir. 2021) (internal quotation omitted). In other words, the nonmoving party may not simply rely upon the allegations or denials of its pleadings; rather, they must tender evidence of specific facts in the form of affidavits, and/or admissible discovery material in support of its contention that such a dispute exists. *See* Fed. R. Civ. P. 56(c); *Matsushita,* 475 U.S. at 586 n. 11. This burden is "not a light one," and requires the nonmoving party to "show more than the mere existence of a scintilla of evidence." *Id.* (quoting *In re Oracle Corp. Sec. Litig.*, 627 F.3d

376, 387 (9th Cir. 2010)). The non-moving party "must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor." *Pac. Gulf Shipping Co.*, 992 F.3d at 898 (quoting *Oracle Corp. Sec. Litig.*, 627 F.3d at 387). Mere assertions and "metaphysical doubt as to the material facts" will not defeat a properly supported and meritorious summary judgment motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

When a *pro se* litigant opposes summary judgment, his or her contentions in motions and pleadings may be considered as evidence to meet the non-party's burden to the extent: (1) contents of the document are based on personal knowledge, (2) they set forth facts that would be admissible into evidence, and (3) the litigant attested under penalty of perjury that they were true and correct. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

Upon the parties meeting their respective burdens for the motion for summary judgment, the court determines whether reasonable minds could differ when interpreting the record; the court does not weigh the evidence or determine its truth. *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1018 (9th Cir. 2015). The court may consider evidence in the record not cited by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3). Nevertheless, the court will view the cited records before it and will not mine the record for triable issues of fact. *Oracle Corp. Sec. Litig.*, 627 F.3d at 386 (if a nonmoving party does not make nor provide support for a possible objection, the court will likewise not consider it).

### III. DISCUSSION

Williams was allowed to proceed on a single First Amendment retaliation claim against Defendants Brice and Moskoff based on allegations that they engaged in adverse conduct after Williams filed the action styled *Williams v. Hutchings*, 2:21-cv-00123-KJD-DJA. (*See* ECF No. 11 at 4-8, 20.)

It is well established in the Ninth Circuit that prisoners may seek redress for retaliatory conduct by prison officials under § 1983. *Rhodes v. Robinson*, 408 F.3d 559,

567 (9th Cir. 2004); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). "Prisoners have a First Amendment right to file grievances against prison officials and be free from retaliation for doing so." *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012).

"A prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974). Within the prison context, a viable retaliation claim has five elements: (1) a state actor took some adverse action against the inmate, (2) because of, (3) the inmate's protected conduct, and that the action, (4) chilled the inmate's exercise of his First Amendment rights, and (5) did not reasonably advance a legitimate correctional goal. *Rhodes*, 408 F.3d at 567–68. The adverse action must be such that it "would chill or silence a person of ordinary firmness from future First Amendment activities." *Watison*, 668 F.3d at 1114 (quoting *Rhodes*, 408 F.3d at 568).

To prevail against Defendants' motion for summary judgment, Plaintiff must demonstrate a triable issue of material fact on each element of his retaliation claim. *Brodheim*, 584 F.3d at 1269 n.3. An inmate must submit evidence, either direct or circumstantial, to establish a link between the exercise of constitutional rights and the allegedly retaliatory action. *Pratt v. Rowland*, 65 F.3d 802, 806-07 (9th Cir. 1995). "[A] plaintiff must show that his protected conduct was 'the "substantial" or "motivating" factor behind the defendant's conduct.'" *Brodheim*, 584 F.3d at 1271 (quoting *Sorrano's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989)). The plaintiff "need only 'put forth evidence of retaliatory motive, that, taken in the light most favorable to him, presents a genuine issue of material fact as to [the defendant's] intent.'" *Id.* (quoting *Bruce v. Ylst*, 351 F.3d 1283, 1289 (9th Cir. 2003)).

To raise a triable issue as to motive, plaintiff must offer "either direct evidence of retaliatory motive or at least one of three general types of circumstantial evidence [of that motive]." *McCollum v. Cal. Dep't of Corr. and Rehab.*, 647 F.3d 870, 882 (9th Cir. 2011) (citation and quotation marks omitted). Circumstantial motive evidence may include: "(1) proximity in time between protected speech and the alleged retaliation; (2) [that] the

[defendant] expressed opposition to the speech; [or] (3) other evidence that the reasons proffered by the [defendant] for the adverse ... action were false and pretextual." *Id.* (internal citation and quotation marks omitted). However, "mere speculation that defendants acted out of retaliation is not sufficient." *Wood v. Yordy*, 905 (9th Cir. 2014).

Defendants contend Williams cannot prevail on his retaliation claim as there is no evidence they were aware of any grievances or the previous lawsuit he filed. (ECF No. 64.) The Court agrees. Based on the evidence in the record, there is no causal connection between the alleged retaliatory acts and the filing of grievances or lawsuits. Further, there is no evidence that Brice or Moskoff were involved in transferring Williams to ESP. Finally, Williams's mere speculation that there is a causal connection is not enough to raise a genuine issue of material fact. *Nelson v. Pima Community College*, 83 F.3d 1075, 1081-82 (9th Cir. 1996).

In response, Williams provides several arguments that are irrelevant to the First Amendment retaliation issue. (*See* ECF No. 70.) However, Williams does not present any evidence to the Court showing that his First Amendment activity was the substantial or motivating factor behind Defendants' actions. Specifically, Williams does not show that either Brice or Moskoff knew of his previous lawsuit. Without establishing knowledge of protected activity, Williams's claim necessarily fails. Therefore, Williams has not carried his burden of demonstrating a genuine issue for trial. As no reasonable jury could conclude that the alleged retaliatory acts occurred *because of* the filing of grievances or lawsuits, Defendants are entitled to summary judgment.[4] *Matsushita,* 475 U.S. at 586.

**IV.   CONCLUSION**

Consistent with the above, **IT IS ORDERED** that Defendants' motion for summary judgment, (ECF No. 48), is **GRANTED**.

---

[4] Because the Court has determined that the motion for summary judgment should be granted on merits of this claim, it need not address Defendants' argument regarding qualified immunity.

**IT IS FURTHER ORDERED** that the Clerk of Court **ENTER JUDGMENT** accordingly and **CLOSE** this case.

**DATED**: October 15, 2024

_____
**UNITED STATES MAGISTRATE JUDGE**